## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> *Plaintiff* <br><br> **VS** <br><br> **(1) Brandon Adrian Reyes-Jaramillo** <br> *Defendant* | § <br> § <br> § <br> §   No: EP:24-CR-02539(1)-DCG <br> § <br> § <br> § |

## STANDING DISCOVERY, PRETRIAL AND TRIAL ORDER

  Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, as amended by the Due Process Protections Act, Pub. L. No. 116 182, 134 Stat. 894 (Oct. 21, 2020), the Court hereby kindly reminds the United States of America (the Government) of its obligation to comply with its disclosure obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), its progeny, and the Federal Rules of Criminal Procedure. *See Brady,* 373 U.S. at 87 (holding that due process requires government disclosure of "evidence [that] is material either to guilt or to punishment").

  By law, the Government has a **continuing** obligation to disclose any exculpatory evidence to the Defendant and to learn of any such evidence known to others acting on the Government's behalf, including law enforcement. *See Kyles v. Whitley,* 514 U.S. 419, 437-38 (1995). The Government's disclosure obligations apply even when the Defendant has not requested any exculpatory evidence from the Government. *See United States v. Agurs,* 427 U.S. 97, 107 (1976). These obligations to provide exculpatory evidence in a timely manner are not diminished by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. *See United States v. Campagnuolo,* 592 F.2d 852, 860–62 (5th Cir.1979); *see also* Advisory Committee Note to Fed. R. Crim. P. 16 (1974) ("The rule is intended to prescribe the minimum amount of discovery to which the parties are entitled."). If the Government identifies any evidence which it believes to be exculpatory or favorable to the Defendant but not material, the Government shall submit such information to the Court for *in camera* review.

  The Court also reminds the Government of the possible consequences of violating any of its disclosure obligations, which may include, but are not necessarily limited to, the delay of trial or other proceedings, the exclusion of evidence, the giving of adverse jury instructions, the grant of new trial, the dismissal of an action, or a finding of contempt.

Further, in an effort to efficiently manage the Court's crowded docket, and in order to expedite discovery and bring about full readiness for trial within the meaning of the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, the following orders are entered:

**IT IS HEREBY ORDERED** that the parties confer and accomplish the following WITHIN the time periods set out below in Paragraphs I–IX.

I. **NO LATER THAN FOURTEEN DAYS FROM THE ENTRY OF THIS ORDER**

A. The Government shall permit the Defendant to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of diligence may become known to the Government:

(1) The substance of any oral statement made by the Defendant before or after his or her arrest in response to interrogation by a person then known to be a Government agent which the Government intends to offer into evidence at trial. *See* Fed. R. Crim. P. 16(a)(1)(A).

(2) Any written or recorded statements made by the Defendant. *See* Fed. R. Crim. P. 16(a)(1)(B).

(3) The Defendant's Federal Bureau of Investigation arrest record to include all prior felony convictions and misdemeanor convictions involving moral turpitude which the Government intends to use for impeachment of the Defendant at trial. *See* Fed. R. Crim. P. 16(a)(1)(D).

(4) The Federal Bureau of Investigation arrest record of any Government witness, which shall include all prior felony convictions and misdemeanor convictions of moral turpitude, and all arrests and charging instruments of a Government witness which were in existence or occurred at or after the time of the alleged offense in this case or any other part of the criminal record of a Government witness which may show bias of the witness or motive as to why the witness would testify in the manner testified to at trial. *See Davis v. Alaska*, 415 U.S. 308 (1974*).*

(5) Books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial in its case-in-chief, or which were obtained from or belong to the Defendant. *See* Fed. R. Crim. P. 16(a)(1)(E).

(6) Results of reports of physical or mental examination and of scientific tests or experiments made in connection with this case. *See* Fed. R. Crim. P. 16(a)(1)(F).

(7) A written summary, describing the witness's opinions, the bases and

      reasons for those opinions, and the witness's qualifications, of the testimony of any expert witness that the Government intends to use at trial in its case-in-chief and any facts or data upon which any such expert's opinion testimony is based. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 705.

B.    The Defendant shall permit the Government to inspect and copy the following items or copies thereof, or supply copies thereof which are within the possession, custody or control of the Defendant the existence of which is known or by the exercise of diligence may become known to the Defendant:

   (1)    Books, papers, documents, photographs, or tangible objects which the Defendant intends to use as evidence in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(b)(1)(A).

   (2)    Results of reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which the Defendant intends to use as evidence in its case-in-chief at trial or which were prepared by a defense witness who will testify concerning the contents thereof. *See* Fed. R. Crim. P. 16(b)(1)(B).

   (3)    A written summary (describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications) of the testimony of any expert witness that the Defendant intends to use at trial and any facts or data upon which any such expert's opinion testimony is based. *See* Fed. R. Crim. P. 16(b)(1)(C); Fed. R. Evid. 705.

C.    If the Defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing on the issue of whether he or she had the mental state required for the offense charged, he or she shall give written notice to the Government. *See* Fed. R. Crim. P. 12.2(a).

D.    If the Defendant intends to assert a Public Authority Defense, he or she must give notice to the Government. *See* Fed. R. Crim. P. 12.3.

## II.    NO LATER THAN TWENTY-ONE DAYS PRIOR TO TRIAL

A.    If the Government intends to offer evidence that the Defendant, in a sexual assault case, committed any extraneous sexual assault it must disclose its intent to the Defendant and include a summary of the expected testimony. *See* Fed. R. Evid. 413(a)-(b).

B.    If the Government intends to offer evidence that the Defendant, in a child molestation case, committed any extraneous child molestation it must disclose

    its intent to the Defendant and include a summary of the expected testimony. *See* Fed. R. Evid. 414(a)-(b).

C.     The Government shall reveal to the Defendant and permit inspection and copying of all information and materials known to the Government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland,* 373 U.S. 83 (1963), or which tends to impeach the Government witnesses.

D.     The Government shall state whether the Defendant was the subject of any electronic surveillance and if so, shall furnish to the Defendant for inspection and copying any recordings or videotapes thereof which may be offered into evidence at trial. (18 USC § 2518(9))

E.     The Government shall disclose to the Defendant the existence and substance of any payments or promises of immunity, leniency, or preferential treatment made to prospective Government witnesses within the scope of *Giglio v. United States,* 405 U.S. 150 (1972) and *Napue v. Illinois,* 360 U.S. 264 (1959).

F.     The Government shall provide written notice of its intent to use at trial evidence of any crimes, wrongs, or other acts to include the general nature of any such evidence, the date and location of the occurrence, the name of the alleged victim and the court and cause number if any. *See* Fed. R. Evid. 404(b).

G.     The proponent of any prior conviction used for impeachment, where more than 10 years have passed from the date of conviction or release from confinement for such conviction, must give written notice to the adverse party of its intention to use such conviction. *See* Fed. R. Evid. 609(b)(2).

H.     The proponent of any "Residual Hearsay" must give the adverse party notice of its intention to offer hearsay that is not covered by any other exception and meets the requirements of the Residual Hearsay Exception. *See* Fed. R. Evid. 807(b).

I.     A party, by Motion, shall give notice of its intent to offer evidence of the victim's sexual behavior. *See* Fed. R. Evid. 412.

### III.     **NO LATER THAN 15 DAYS PRIOR TO TRIAL-NOTICE OF PLEA**

    Defense counsel must notify the Court's deputy clerk of the Defendant's intention to plead guilty. At that time, defense attorneys must also secure a setting for a plea hearing. Upon securing a plea hearing, remaining obligations

under this order will be suspended. Defendants who fail to comply with this requirement may not receive adjustments to their sentencing guidelines based on acceptance of responsibility or be granted a continuance. Moreover, the Court may not recognize any plea agreements into which the parties enter after the deadline. Instead, Defendants may be required to plead guilty to all counts of the indictment or proceed to trial. *See United States v. Ellis,* 547 F.2d 863 (5th Cir. 1977). The failure to prepare for trial because counsel believed the case would plea will not be adequate grounds for a continuance.

### IV.    NO LATER THAN 14 DAYS PRIOR TO TRIAL

A.    **Joint Proposed Jury Charge**
Parties shall meet and confer and file a joint proposed jury charge and verdict forms consistent with the guidelines in this section. Upon filing, the parties shall promptly email the Microsoft Word file, containing the joint proposed jury charge as filed, to David_Guaderrama@txwd.uscourts.gov. (the email's subject line must include the case number and the text "Joint Proposed Jury Charge"). The parties shall submit the full text and cite to specific sections of the Fifth Circuit Pattern Jury Charge (meaning the corresponding section number, *e.g.,* 1.04) as well as the full text and citation to any non-Fifth Circuit Pattern Jury Charge section that the parties propose that the Court consider. If the parties disagree on a specific charge, each party shall provide the full text of their respective proposed charge, denoting the parties' name and highlighting those portions of the charge about which the parties disagree. If a specific charge is proposed by **only** one party, that party shall provide the full text of the proposed charge, denoting its name, and the other party shall include the nature of its objection, if any, to the proposed charge.

B.    **Proposed Voir Dire Questions and Case Summary**
The parties shall submit a list of questions each party desires the Court to ask the prospective jurors during voir dire. In addition, the parties shall jointly submit a short summary of the case to be read by the Court to the panel to determine if anyone has heard anything about the case. After the Court concludes questioning the prospective jurors, each party will be allotted ten (10) minutes to ask any additional questions.

C.    **Joint Admissibility of Exhibits**
A *joint* exhibit list shall be filed. The Court orders that the parties confer and discuss the admissibility of their exhibits. The joint exhibit list shall identify any objections to the exhibits designated by the other party as well as identify the exhibits that the parties agree upon. Any exhibits that are *not* jointly agreed upon by the parties will be addressed at the pretrial conference.

D. **Joint Motion in Limine**

The parties will submit a *joint* motion in limine but only after the parties confer and discuss the parties' individual motion(s), if any. The joint motion in limine shall identify the items that are jointly agreed upon by the parties and the items that are objected to or not agreed upon by the parties, along with any corresponding objections. Any items therein that are not jointly agreed upon by the parties will be addressed at the pretrial conference.

E. **Asset Forfeiture**

If the Government's indictment or information contains notice to the Defendant that the government will seek the forfeiture of property as part of any sentence, each party must notify the Court if that party wishes that the jury be retained to determine the forfeitability of specific property. In the event either party elects to submit the issue of forfeitability to the jury, the parties must submit a joint proposed jury charge on forfeiture that is compliant with the instructions set forth in Paragraph A of this section and a joint proposed special verdict form. If neither party requests that the jury be retained to determine the issue of forfeitability, the parties must indicate to the Court if the forfeiture action is contested and a hearing is desired. If a hearing on the issue of forfeitability is desired, the Court will set the matter for a hearing to be held immediately after a verdict or finding of guilt.

F. **Other Filings**

Parties shall file any matters of evidentiary concern and identify and brief any unusual evidentiary or non-evidentiary issues that may arise in the trial of this case. Parties shall confer before filing any of these matters. The Government and Defense counsel shall submit for the Court's in-camera review any designated documents or materials.

## V.     NO LATER THAN 10 DAYS PRIOR TO TRIAL

This case is set for a Final Judge's Conference where any pending matters or issues, including *Lafler-Frye* plea disclosures, will be addressed by the Court on the record.

## VI.    NO LATER THAN THREE DAYS PRIOR TO TRIAL

Any need for an interpreter, for a defendant or a witness for the defense, should be communicated to Courtroom Deputy Roberto Velez, (915) 834-0538, no later than three (3) days prior to the court setting wherein the interpreter will be required.

## VII. VOIR DIRE AND THE DAY OF TRIAL

A. **Photographs of Witnesses at Voir Dire**
Parties shall prepare digital photographs of the witnesses who are involved in the trial. When the Court introduces counsel to the jury panel, counsel will then display the photographs to the jury panel. The purpose of the photographs is "to put a face to the name." In other words, it provides an opportunity to inquire as to whether any of the jurors know or recognize any of the witnesses who are involved in the present case. The photographs do not need to be electronically submitted, but they must be accessible to counsel at the time of jury selection. If either side wishes to avoid presenting the photograph of a witness to the jury panel, counsel must have the witness in the courtroom at the time the Court calls for the introduction of witnesses, otherwise the introduction will be by photograph.

B. **Juror Information and Sheets**
Electronic or paper juror information or juror sheets provided to counsel for purposes of Voir Dire are NOT to be provided to any Defendant or anyone else not on counsel's trial team. Any written juror information provided by the Court is ordered returned to the Court and any electronic juror information is ordered deleted at the time the jury is seated and sworn.

C. **Availability and Examination of Witnesses**
Upon announcement of ready for trial counsel indicate to the Court their preparedness for trial including the availability of any witness counsel intends to call to testify. All witnesses need to be available when needed and no delay will be tolerated for witnesses who are not immediately available. The Court reminds counsel that witnesses are to be addressed only with questions. Counsel should refrain from engaging in any prefatory discussions introducing themselves to the witness, instructing the witness how to respond to questions the witness does not understand, or explaining how the examination will proceed. Should a witness become uncooperative or refuse to appropriately answer a question, the Court will, upon request of counsel, admonish the witness. Any such admonishment, however, should come exclusively from the Court and not from counsel.

D. **Witness's Grand Jury Testimony**
If the Government intends to call a witness, who testified before a Grand Jury in this or a related case, the Government shall have prepared a transcript of such witness's Grand Jury testimony and provide it to defense counsel at the conclusion of the witness's trial testimony. *See* Fed. R. Crim. 6, 16(a)(3); 18 U.S.C. § 3500(e)(3).

E.   **Exhibits**

Exhibits should be presented using the courtroom evidence presentation equipment by means of the document camera in the courtroom and/or your personal laptop computer. The Court uses the software application known as JERS (Jury Evidence Recording System) in the courtroom. This application works in conjunction with the courtroom evidence presentation equipment by allowing the Court to capture and release to the jury admitted evidence that is presented by attorneys during a jury trial. Upon completion of evidence presentation by the parties, the Court will release the admitted exhibits to the jurors in the jury deliberation room where they can view the admitted exhibits using a touch screen monitor. Counsel should submit all exhibits electronically, by thumb drive, CD, email, or other electronic media, prior to the start of jury selection. Please refer to the attached JERS Exhibit Submission Requirements document as a reference on how your exhibit files should be formatted to allow for an electronic batch import of these exhibits.

F.   **Individuals Allowed at Counsel Table**

Only counsel involved in the case, all named parties, and one representative employee of a legal entity named as a party will be allowed beyond the bar at counsel tables. Any other members of the legal team, who are not subject to "The Rule", will be required to sit in the gallery behind the bar and allowed into the bar area only as required and by prior authorization of the Court.

### VIII.   SENTENCE AND DETENTION

A.   In any case described in 18 U.S.C. § 3142(f)(1)(A),(B), or (C), Defense counsel should prepare his or her client for immediate surrender into the custody of the United States Marshal, as required by 18 U.S.C. § 3143(a)(2), after the Court enters a finding of guilt. *See United States v. Posada,* 109 F. Supp. 3d 911 (W.D. Tex. 2015).

B.   In all other cases, Defense counsel should prepare his or her client for the possibility of an immediate surrender into the custody of the United States Marshal in accordance with 18 U.S.C. § 3143(a)(1), if, at the Court's request, the Defendant cannot establish, by clear and convincing evidence, that the Defendant is not likely to flee or pose a danger to the safety of any person or the community if permitted to continue on Pre-Trial Release.

### IX.   MISCELLANEOUS MATTERS

**IT IS FINALLY ORDERED** that it shall be the continuing duty of counsel

for both sides to reveal to opposing counsel all newly discovered information or other material within the scope of this Standing Order, s*ee* Fed. R. Crim. P. 16(c), and that:

A.  The Court may at any time, upon motion properly filed or on its own motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. The Court expects, however, that counsel for both sides shall make every good faith effort to comply with the letter and the spirit of this Standing Order. *See* Fed. R. Crim. P. 16(d)(1).

B.  All motions concerning matters not covered by this Standing Order must be filed within fourteen days of arraignment or waiver of arraignment. *See* Fed. R. Crim. P. 12(c)(1); Local Rule CR-12. **Any motion filed must be agreed to and so indicated in the motion or set for a hearing.**

C.  Counsel shall immediately notify the Court in writing of the reasons for failure to comply with this Standing Order at such time as the failure occurs. **FAILURE TO COMPLY WITH ALL THE TERMS OF THIS ORDER MAY RESULT IN THOSE MATERIALS NOT DISCLOSED AS SET FORTH ABOVE BEING PRESUMED INADMISSIBLE. FAILURE TO COMPLY MAY ALSO RESULT IN DISMISSAL OF THE CASE**. *See* Fed. R. Crim. P. 16(d)(2).

**In an attempt to prevent ex parte communications with the court, counsel are advised that unsolicited correspondence to the court, including that from any defendant, will be filed and made of public record. Counsel are encouraged to advise their client, their clients family and friends of this policy.**

Signed this the 15th day of November, 2024.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

# Jury Evidence Recording System (JERS) Requirements

## Time Frame for Submitting Exhibits
All files must be submitted based on the deadline set by the presiding Judge or CRD associated with your case. Your timeliness in submitting these files will assist the Court in preparing for the trial. Exhibits submitted that do not meet the Court's requirements will be returned for correction.

## How to Submit Electronic Files
All files must be provided on a single storage device such as a USB, CD or DVD.

## Requirements for Exhibit File Types
All electronic evidence must be provided using the following formats:

- Documents and Photographs: pdf, jpg, bmp, tif, gif
- Video and Audio Recordings: avi, wmv, mpg, mp3, mp4, wma, wav, 3gpp

**VERY Important:**   The individual file size of documents (pdf) should not exceed 10 MB.

The individual file size of audio and video should not exceed 500 MB.

If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. PDF documents can often be reduced significantly in size by using tools such as Adobe's "Reduce File Size" feature. Images can be significantly reduced in file size by lowering its resolution or dimensions, usually with minimal affect to viewing quality.

## Naming Your Files
All file names MUST be named using the following naming convention. Not using this exact naming convention will cause problems in our office when uploading your exhibit files. The file name begins with the exhibit number followed by an underscore to designate that the remaining text of the file name is the description of the exhibit.

### EXHIBIT
Exhibit Number(underscore)Exhibit Description.File Extension



Example:   1_Photograph of Gun.PDF

Note:   An underscore MUST be placed between the exhibit number and exhibit description. DO NOT use an underscore anywhere else in the exhibit file name.

### SUB EXHIBIT
Exhibit Number(dash)Sub Letter(Underscore)Exhibit Description(.File Extension

Example:   1-A_Photograph of Gun Marked Up.pdf

Note:   For Sub Exhibits, place a dash between exhibit number and sub letter. The underscore is then placed after the sub letter.